

# Service of Process Transmittal
11/14/2019
CT Log Number 536631410

**EXHIBIT 1**

| | |
|---|---|
| **TO:** | Gabriela Lopez<br>UBER TECHNOLOGIES, INC.<br>1455 Market St Fl 4<br>San Francisco, CA 94103-1355 |
| **RE:** | **Process Served in Virginia** |
| **FOR:** | UBER TECHNOLOGIES, INC. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KIMBERLY ANN MCCABE, PLTF. vs. VAUGHN PATTON, DFT. // TO: UBER TECHNOLOGIES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Loudoun County Circuit Court, VA<br>Case # 107CL0011852400 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 12/07/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2019 at 15:55 |
| **JURISDICTION SERVED:** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service |
| **ATTORNEY(S) / SENDER(S):** | Peter C. Burnett<br>Burnett & Williams, P.C.<br>105 Loudoun Street, S.E.<br>Leesburg, VA 20175<br>703-777-1650 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2019, Expected Purge Date: 11/20/2019<br><br>Image SOP<br><br>Email Notification, CLAIMS LIT intake@uber.com<br><br>Email Notification, Gabriela Lopez gabriela.lopez@uber.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of 1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: UBER TECHNOLOGIES INC
SERVE: CT CORPORATION SYSTEM
4701 COX ROAD STE 285
GLEN ALLEN VA 23060-6808

Case No. 107CL00118524-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, November 13, 2019

Clerk of Court: GARY M CLEMENS

by _Sandra Amundson_
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: SETH R LINDBERG
703-777-1650
105 LOUDOUN STREET SE
LEESBURG VA 20175

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| **KIMBERLY ANN MCCABE** | ] |
| Plaintiff | ] |
| v. | ] Civil Action No. 118524 |
| **VAUGHN PATTON**<br>1900 Lyttonsville Rd., Apt. 1306<br>Silver Spring, Maryland 20910 | ] |
| Defendant | ] |
| **UBER TECHNOLOGIES, INC.**<br>R/A: National Registered Agents Inc.<br>4701 Cox Rd., Ste. 285<br>Glenn Allen, VA 23060-0000 | ] |
| Defendant | ] |

FILED 2018 NOV 27 PM 3:27

## COMPLAINT

Plaintiff, Kimberly Ann McCabe ("Ms. McCabe"), by counsel, moves for judgment against Defendant, Vaughn Patton ("Mr. Patton"), and Uber Technologies, Inc., jointly and severally, on the grounds and in the amount set forth below:

### ALLEGATIONS COMMON TO ALL COUNTS

1. On December 7, 2016, Mr. Patton, while acting within the course and scope of his employment as a driver for Uber, carelessly, recklessly, and/or negligently collided with Ms. McCabe.

2. At all times relevant to this complaint, Mr. Patton is and was a natural person and upon information and belief is a resident of Montgomery County, Maryland.

3. At all times relevant to this Complaint, Uber Technologies, Inc. ("Uber") is and was a Delaware corporation with its principal office and place of business in San Francisco, California that is authorized to do business in the Commonwealth of Virginia.

4. Uber is a common carrier providing a ride service for a fee to various member of the traveling public in Virginia, including Mr. Patton's passenger who paid a fee for a ride on December 7, 2016, which ride was provided by Uber by and through its employee, agent, or representative, Mr. Patton.

5. Individuals in need of transportation download Uber's smartphone application and use that application to make a transportation request.

6. Uber disseminates prospective passenger's ride requests to a software application on the smart phone of the employee driver. The software matches that passenger with an Uber driver who picks them up and drives them to their intended destination.

7. Uber requires its drivers, including Mr. Patton at the time of the accident described in this Complaint, to follow route directions prescribed by Uber.

8. Uber also calculates the fare. The fare includes a base rate, rates for estimate time and distance of the route, and the current demand for rides in the area. *See*, Uber, *How are fares calculated?*, https://help.uber.com/riders/article/how-are-fares-calculated?nodeId=d2d43bbc-f4bb-4882-b8bb-4bd8acf03a9d (last accessed Nov. 27, 2018).

9. Passengers pay for the ride through the application with a credit card. Uber then pays a portion of that collected fare to the driver and retains the balance.

10. On December 7, 2016 Ms. McCabe was operating a 2011 Buick Enclave and was heading east on the exit ramp from Route 267 to Ashburn Village Boulevard, in Loudoun County, Virginia.

11. At this same time, Mr. Patton was operating a 2014 Chevrolet Cruze southbound on Ashburn Village Boulevard in also in Loudoun County, Virginia.

12. Ms. McCabe proceeded through the toll plaza toward the intersection ("the intersection") of the Route 267 exit ramp, Ashburn Village Boulevard, Mooreview Parkway, and Old Ryan Road.

13. This intersection has a four-way stop controlled with stop signs for all roads and for all travel lanes.

14. Ms. McCabe came to a stop as obligated by the stop sign controlling her lane. Then, she made sure that the intersection was clear as she proceeded into the intersection.

15. After Ms. McCabe had entered the intersection, Mr. Patton proceeded into the intersection without stopping or yielding to oncoming traffic.

16. Mr. Patton entered the intersection coming from Ms. McCabe's left.

17. At all relevant times, Ms. McCabe had the right of way over Mr. Patton.

18. Mr. Patton failed to yield, stop, or slow his vehicle as Ms. McCabe legally proceeded through the intersection.

19. Mr. Patton's vehicle struck the front end of Ms. McCabe's vehicle.

20. After the initial collision, the vehicles collided a second time before coming to rest.

21. Ms. McCabe was injured in the crash.

22. As a result of causing the collision, Mr. Patton was charged with failure to stop or yield in violation of Va. Code 46.2-821 (1950, as amended).

23. Mr. Patton prepaid the fine for this offense.

24. By prepaying the fine, Mr. Patton admitted his guilt in causing the accident.

25. At the time and place aforesaid, it was the duty of Mr. Patton to operate his vehicle with reasonable care and with due regard for the safety of others using the road, including Ms. McCabe.

## COUNT I - NEGLIGENCE

26. The allegations in paragraphs 1 through 25 of this Complaint are incorporated by reference and are realleged as if set forth in full.

27. At all times relevant to this Complaint, Mr. Patton, while acting within the scope of his employment as a driver for Uber, operated his automobile and provide the Uber ride in such a careless, negligent, and reckless manner so as to inflict serious injury to Ms. McCabe.

28. At the time and place of the complained incident Mr. Patton was under a duty of reasonable care to, without limitation:

   a. Keep his Uber vehicle and/or his actions under proper control;

   b. Operate the Uber vehicle in a reasonable and appropriate way, particularly with in obeying the applicable motor vehicle laws of the Commonwealth of Virginia;

   c. React as a reasonable person would have reacted to avoid an injury-causing incident; and

   d. Otherwise using reasonable care in driving, giving due regard to all surrounding circumstances, conditions, persons, vehicles, and traffic laws.

4

29. Notwithstanding such duties of reasonable care, Mr. Patton was careless, negligent, and/or failed to reasonable in at least one or more of the following respects:

   a. Failing to yield the right of way;

   b. Failing to stop at a stop sign;

   c. Failing to keep his Uber vehicle and/or his own actions under proper control;

   d. Failing to operate his Uber vehicle in a reasonable and appropriate way, particularly in obeying the applicable motor vehicle laws of the Commonwealth of Virginia;

   e. Failing to react as a reasonable person would to avoid an injury-causing incident; and

   f. Otherwise failing to use reasonable care in driving, giving due regard to all surrounding circumstances, conditions, persons, vehicles, and traffic laws.

30. As a direct and proximate result of the aforesaid reckless, careless, and/or negligent actions and omissions and/or his failure to use utmost care in the operation of the common carrier vehicle for and on behalf of Uber by Mr. Patton, Ms. McCabe has suffered and will suffer and has incurred and will incur, both in the past and in the future:

   a. Severe, serious and debilitating physical injuries (including, without limitation, permanent injuries) and adverse effects on her health;

   b. Physical pain and mental anguish;

   c. Disfigurement and associated humiliation and embarrassment;

   d. Inconvenience;

   e. Expenses for medical care and treatment and related expenses; and

f. Lost wages.

31. At all times relevant to this action, Mr. Patton was Uber's employee or agent.

32. At all times relevant to this action, Mr. Patton was acting within the scope of his employment or agency with Uber.

33. Uber is liable for the injuries proximately caused by Mr. Patton's negligence under the doctrine of *respondeat superior*.

### COUNT II - NEGLIGENT MISREPRESENTATION

34. The allegations in paragraphs 1 through 25 of this Complaint are incorporated by reference and are realleged as if set forth in full.

35. At all times relevant to this Complaint Uber, and its owners, managers, employees, and representatives, including Mr. Patton, specifically and expressly represented to Ms. McCabe, that among other things: "Uber is dedicated to keeping people safe on the road. Our technology enables us to focus on riders and drivers safety before, during, and after every trip."[1]

36. Uber, and/or its owners, managers, employees, or representatives, including Mr. Patton, made the representations and assurances as alleged in paragraph 30, and failed to exercise due and reasonable care and competence in communicating and carrying out and/or following through on those representations and assurances to Ms. McCabe, as well as other drivers, passengers, and/or potential customers.

---

[1] *See*, Uber, *Uber is dedicated to keeping people safe on the road*, https://www.uber.com/en-TT/blog/safety-trinidad/ (last accessed Nov. 27, 2018).

6

37. As a member of the public, Ms. McCabe justifiably relied upon the representations alleged in paragraph 30, and as a direct and proximate result thereof Ms. McCabe suffered and will continue to suffer great injury and harm, including those injuries and damages previously alleged.

WHEREFORE, Kimberly Ann McCabe, demands judgment against Vaughn Patton and Uber Technologies, Inc., jointly and severally, in the sum of $650,000.00, and the costs herein expended, with interest from the date of injury pursuant to Va. Code Ann. § 8.01-382 (1950, as amended), and such other and further relief as this Court may deem just and proper.

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

KIMBERLY ANN MCCABE
*By Counsel*

Peter C. Burnett (VSB No. 17222)
Donald S. Culkin (VSB No. 30140)
Seth R. Lindberg (VSB No. 80620)
Matthew E. Bass (VSB No. 83631)
BURNETT & WILLIAMS, P.C.
105 Loudoun Street, S.E.
Leesburg, Virginia 20175
(703) 777-1650
Facsimile (703) 777-9833
*Counsel for Plaintiff*